**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

PAUL A. FIORAVANTI, JR.
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

January 10, 2022

P. Bradford deLeeuw, Esquire
deLeeuw Law LLC
1301 Walnut Green Road
Wilmington, DE 19807

     Re:   *Herbert Silverberg v. Amit D. Munshi et al.,*
        C.A. No. 2022-0018-PAF

Dear Counsel:

I have reviewed the Verified Stockholder Class Action Complaint (the "Complaint") and the Motion to Expedite Proceedings (the "Motion to Expedite"). I decline to schedule a hearing on the Motion to Expedite because the Complaint does not state a colorable claim. The Complaint and Motion to Expedite, filed on January 5, 2022, seek an order enjoining a special meeting of stockholders of Arena Pharmaceuticals, Inc., ("Arena" or the "Company") scheduled for February 2, 2022 in connection with the proposed merger of Arena and a subsidiary of Pfizer, Inc. (the "Merger").

The Complaint asserts a single claim for breach of the director defendants' fiduciary duties for alleged omissions in the definitive proxy statement disseminated to stockholders in connection with the proposed Merger. The sole

claim asserts that the proxy statement fails to disclose unspecified information provided to the board's financial advisor.

To obtain expedited proceedings, a plaintiff must "articulate[] a sufficiently colorable claim and show[] a sufficient possibility of a threatened irreparable injury, as would justify imposing on the defendants and the public the extra (and sometimes substantial) costs" of an expedited proceeding. *Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994). Although the "colorable claim" threshold is low, it is not nonexistent.

The Complaint alleges that the Company provided certain information to the financial advisor to Arena's board of directors, upon which information the financial advisor relied in presenting its fairness opinion to the board. Compl. ¶¶ 28, 29, 33. The information provided to the financial advisor included financial projections prepared by Arena's management. *Id.* ¶ 28. The Complaint acknowledges that the fairness opinion, the projections, and the financial advisor's analyses are disclosed in the proxy statement. *Id.* ¶¶ 30–32.[1] The Complaint alleges, however, that all of the other information provided to the financial advisor

---

[1] The proxy statement, and the preliminary proxy statement that was filed on December 23, 2021, both disclosed the financial projections, including unlevered free cash flows. The court can take judicial notice of these public filings. *See Wal-Mart Stores, Inc.,* 860

must be disclosed, and the failure to do so "renders the statements in the [opinion of the financial advisor] section of the Proxy Statement materially misleading . . . ." *Id.* ¶ 31.

The Complaint does not allege that the financial projections disclosed in the proxy statement are false or materially misleading. Instead, the Complaint and Motion to Expedite are premised upon the general, unsupported assumption that all information provided to a board's financial advisor is material information that must be disclosed in connection with a request for stockholder action. The Motion to Expedite cites no authority supporting such a proposition of law.

"[S]tockholders are entitled to a fair summary of the substantive work performed by the investment bankers upon whose advice the recommendations of their board as to how to vote on a merger or tender rely." *In re Pure Res., Inc., S'holders Litig.*, 808 A.2d 421, 449 (Del. Ch. 2002). The Complaint does not allege that the disclosure of the financial advisor's analysis is false or materially misleading. The Motion to Expedite cites three cases for the proposition that management's financial projections upon which the financial advisor relied for its fairness opinion constitute material information that should be disclosed to

_____

A.2d at 320 n.28 (Del. 2004) (holding that the court may take judicial notice of public documents such as SEC filings required by law to be filed).

stockholders in connection with a vote on a merger.[2]  Those cases are inapposite here, because the financial projections have been disclosed.

Although our court is well known for being responsive to plaintiffs seeking expedited proceedings in order to obtain injunctive relief, a plaintiff must first plead a colorable claim and demonstrate a sufficient threat of irreparable harm warranting the costs of expedited proceedings.  The Complaint does not cross that minimal threshold, and I decline to impose the burden and expense on defendants of having to brief a motion to expedite that is facially without merit.  "It is within the discretion of this Court to grant or deny an application to expedite proceedings."  *Corp. Prop. Assocs. 8, L.P. v. AmerSig Graphics, Inc.*, 1993 WL 499005, at *1 (Del. Ch. Nov. 17, 1993).  In the exercise of my discretion, the Motion to Expedite is denied.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ Paul A. Fioravanti, Jr.*

Vice Chancellor

---

[2] Motion to Expedite ¶ 12 (citing *In re BioClinica, Inc. S'holder Litig.*, 2013 WL 673736 (Del. Ch. Feb. 25, 2013); *Maric Capital Master Fund, Ltd. v. Plato Learning, Inc.*, 11 A.3d 1175, 1178 (Del. Ch. 2010), *In re Netsmart Techs., Inc., S'holders Litig.*, 924 A.3d 171, 203 (Del. Ch. 2007)).